FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 12 2005

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GRADY NEWINGHAM
ADC # 108395                                                          PLAINTIFF

V.                          5:04CV00193 JMM/HDY

SHARON STATEN, Corporal of Security,
Tucker Unit, Arkansas Department of Correction                        DEFENDANT

## PROPOSED FINDINGS & RECOMMENDATION

A hearing was held in this case before the Court on March 21, 2005. The sole Defendant in this case, Sharon Staten, was served with notice of the action against her on September 23, 2004 (docket entry #13). She failed to file an Answer or otherwise respond to this action, and an entry of default was entered against her on November 24, 2004 (docket entry #17). This hearing was scheduled to consider the issue of damages, and Defendant was notified of it. *See* docket entry #23. However, she failed to appear for the hearing. Following a presentation of testimony by the Plaintiff, and submission of exhibits, the Court enters the following findings and recommendation.

### I. Factual Background

Plaintiff, who has been in the custody of the Arkansas Department of Correction for nine years and is currently housed at the Varner Super Max Unit, was housed at the Tucker Unit on June 2, 2003. On that date, Plaintiff locked his locker box and went to the showers. Defendant Staten was working both Barracks 4 "A" and 4 "B" opening doors to let the inmates into the showers.

1

According to Plaintiff, only about 30 inmates should have been allowed to go to the showers at one time; however, Defendant Staten opened both barracks' doors at the same time, leaving both doors unlocked and unsupervised. When Plaintiff returned to his barracks, he found three "unknown, unidentified black inmates" breaking into his locker. This occurred approximately twenty feet from Defendant Staten's control booth.

According to Plaintiff, he could not find her in the control booth, so he approached the three inmates himself. They scattered, then, when Plaintiff reached his locker, inmate Timothy Tatum hit Plaintiff across the back of the head. Tatum continued to hit Plaintiff, while Defendant Staten ran back in to the control booth from the barracks and "just stood there screaming hysterically instead of stopping the assault on Plaintiff." According to Plaintiff's testimony, she ran back into the barracks and stood there "watching [him] get beaten" without making any attempt to intervene.

Plaintiff suffered "a cut on his chin [and] a bloodied mouth," as well as "severe trauma to his cranial area causing excruciating pain." He was taken to the infirmary and treated for his injuries, and he states that he continues to suffer headaches as a result of the attack.

When Plaintiff was taken to the infirmary, his personal belongings were packed up in a property bag by five other Arkansas Department of Correction guards (not named Defendants) who then placed the bag in Defendant Staten's control booth. When the property bag was removed from Defendant Staten's control booth, Plaintiff found that his watch, headphones, and radio had been stolen from him, and a sharpened piece of plexiglass had been hidden in his dictionary. Plaintiff was charged with a disciplinary for the possession of the plexiglass, but the disciplinary conviction was reversed. The dictionary, however, was not returned.

Plaintiff also alleged that Defendant Staten charged him with a falsified disciplinary for the

attack; however, he voluntarily dismissed these allegations. At the hearing, Plaintiff testified that Defendant Staten tried to "cover up" the incident by reporting that the three attackers had "slipped by her" and Plaintiff had gotten into a fight with them. As a result of the disciplinary, Plaintiff's "class" was reduced and he was removed from participation in the Vo-Tech program.

## II. Analysis

Based on Plaintiff's testimony regarding his injuries, the undersigned recommends that Plaintiff be awarded judgment against Defendant Staten in the amount of $1000.00. He testified that his lip was cut "completely through" by the attackers, and that he suffers still from headaches as a result of the blows to his head.

The Court will not award Plaintiff any damages as a result of the loss of his property, however. Though Plaintiff was deprived of property belonging to him, he was not deprived of it without due process of law. This issue was addressed by the Eighth Circuit in *Steffen v. Housewright*, 665 F.2d 245 (8th Cir. 1981), holding that the State Claims Commission is the proper body through which to address the loss of stolen property. In *Steffen*, the Court wrote:

> In *Parratt* [*v. Taylor*], 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Supreme Court wrote:
>> The justifications which we have found sufficient to uphold takings of property without any predeprivation process are applicable to a situation such as the present one involving a tortious loss of a prisoner's property as a result of a random and unauthorized act by a state employee.
>>
>> (The prisoner) has not alleged a violation of the Due Process Clause of the Fourteenth Amendment. Although he has been deprived of property under color of state law, the deprivation did not occur as a result of some established state procedure. Indeed, the deprivation occurred as a result of the unauthorized failure of agents of the State to follow established state procedure. . . . Moreover, the State . . . has provided (the prisoner) with the means by which he can receive redress for the deprivation. The State provides a remedy to

> persons who believe they have suffered a tortious loss at the hands
> of the State.... (W)e hold that (the remedies provided) are sufficient
> to satisfy the requirements of due process.
>
> *Id.* at 1908, 101 S.Ct. at 1915-17.

*Steffen* at 248.

### III. Conclusion

Accordingly,

IT IS, THEREFORE, RECOMMENDED that Plaintiff be awarded judgment against Defendant Staten in the amount of $1000.00.

IT IS SO RECOMMENDED this  12  day of April, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES MAGISTRATE JUDGE**
UNITED STATES DISTRICT COURT
**EASTERN DISTRICT OF ARKANSAS**
UNITED STATES COURTHOUSE
600 WEST CAPITOL AVENUE, SUITE 442
LITTLE ROCK, ARKANSAS 72201

H. DAVID YOUNG
UNITED STATES MAGISTRATE JUDGE

April 12, 2005

(501) 604-5180
FAX (501) 604-5187

Ms. Sharon Staten
2311 W. 27th Street
Pine Bluff, AR 71603

RE: <u>Newingham v. Staten</u>
Case No: 5:04CV00193 JMM/HDY

Dear Ms. Staten:

Attached is a recommended disposition of this case, which has been prepared by this office and submitted to United States District Judge James M. Moody.

Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of this letter. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate.

---

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern Division of Arkansas
>   600 W. Capitol Avenue, Suite 402
>   Little Rock, AR 72201

   Very truly yours,

   H. David Young
   United States Magistrate Judge

HDY/pg
Enclosures

cc:  Honorable James M. Moody, United States District Judge
     Grady Newingham
     File