FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUN - 1 2005
JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GRADY NEWINGHAM
ADC # 108395                                                          PLAINTIFF

V.                           5:04CV00193 JMM/HDY

SHARON STATEN, Corporal of Security,
Tucker Unit, Arkansas Department of Correction                         DEFENDANT

## PROPOSED FINDINGS & RECOMMENDATION

A hearing was held in this case before the Court on March 21, 2005. The sole Defendant in this case, Sharon Staten, was served with notice of the action against her on September 23, 2004 (docket entry #13). She failed to file an Answer or otherwise respond to this action, and an entry of default was entered against her on November 24, 2004 (docket entry #17). Following a hearing on the issue of damages, a proposed Findings and Recommendation was entered by the undersigned recommending that Plaintiff be awarded damages in the amount of $1,000.00.

Plaintiff filed Objections (docket entry #30) to that Recommendation, seeking instead the $40,000.00 he had named as his relief sought in his Complaint, as well as leave to reinstate his due process claims against Defendant Staten. The district court adopted the Findings and Recommendation in their entirety and referred to the undersigned the question whether Plaintiff's due process claims should be reinstated (docket entry #31).

On May 27, 2004, Plaintiff filed a "Motion to Voluntarily Withdraw Due Process Claims on

1

all Plaintiff's Facts Concerning the Disciplinary Matter" (docket entry #2). That request was granted in an Order dated June 14, 2004 (docket entry #6), which treated Plaintiff's Motion as a Motion to Amend his Complaint. Apparently, now that Plaintiff has discovered that Defendant Staten will not respond to his litigation, he seeks to re-assert those claims. However, Plaintiff should not be allowed to re-assert these claims at this late juncture.

First, he requested amendment of his complaint to remove the due process claims over a year ago. His remaining failure to protect claim has been determined and is ready for entry of judgment. Second, the defaulting Defendant in this case is no longer a Arkansas Department of Correction employee and the injunctive relief that Plaintiff seeks now, of restoration of class and job assignment, would not be available against such a defendant. Finally, the Defendant in this case is not in default as to the due process claims, because the Complaint, as amended at Plaintiff's request, has dropped those elements. He should, therefore, be required to assert those claims in a separate action, and judgment should be entered as previously recommended on Plaintiff's failure to protect claims against Defendant Staten.

Accordingly,

IT IS, THEREFORE, RECOMMENDED that Plaintiff's request to reinstate his due process claims against Defendant Staten (docket entry #30) be DENIED, and that judgment be entered in accordance with the undersigned's April 12, 2005 Findings and Recommendations.

IT IS SO RECOMMENDED this __1__ day of __June__, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2